# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>*(Changes Identified with Asterisks (*))* |
| v. | CASE NUMBER: 06-cr-00077-LTB-01 |
| | USM Number: 34098-013 |
| CATHERINE ILEEN SPEAR | Scott T. Varholak, AFPD<br>(Defendant's Attorney) |

**Date of Original Judgment:** July 13, 2006

**Reason for Amendment:** United States Court of Appeals remanding the case to the United States District Court with instructions to vacate original sentence imposed and resentence the defendant.

**THE DEFENDANT:** Pleaded guilty to counts 2 and 12 of the Indictment.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 641 | Embezzlement and Conversion of Government Property with a with a Value Exceeding $1,000 | 10/05/04 | 2 |

    The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    Counts 1, 3-11, and 13-17 of the Indictment are dismissed on the motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

 

September 18, 2007
Date of Imposition of Judgment

s/Lewis T. Babcock
Signature of Judicial Officer

Lewis T. Babcock, U.S. District Judge
Name & Title of Judicial Officer

October 17, 2007
Date

DEFENDANT:  CATHERINE ILEEN SPEAR
CASE NUMBER:  06-cr-00077-LTB-01                                                       Judgment-Page 2 of 7

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 641 | Embezzlement and Conversion of Government Property with a Value Exceeding $1,000 | 12/20/04 | 12 |

DEFENDANT:  CATHERINE ILEEN SPEAR
CASE NUMBER:  06-cr-00077-LTB-01                                                              Judgment-Page 3 of 7

## PROBATION

^The defendant is hereby placed on probation for a term of three (3) years on counts 2 and 12, the terms to run concurrently.

The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  CATHERINE ILEEN SPEAR
CASE NUMBER:  06-cr-00077-LTB-01                                                                             Judgment-Page 4 of 7

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) *The defendant shall be placed on home detention for a period of 4 months, to commence within 21 days of sentencing.  During this period, she shall remain at her place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer.  This period of home detention shall be enforced by electronic monitoring.  To permit this monitoring, the defendant shall maintain a telephone at her place of residence without any special services, modems, answering machines, or cordless telephones. She  shall wear electronic monitoring devices and follow all other procedures specified by the probation officer.  The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless she is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

DEFENDANT:  CATHERINE ILEEN SPEAR
CASE NUMBER:  06-cr-00077-LTB-01                                                                 Judgment-Page 5 of 7

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 2 | $100.00 | $0.00 | $1,795.00 |
| 12 | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $200.00 | $0.00 | $1,795.00 |

The defendant shall make restitution to the following payees in the amounts listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Department of Homeland Security Citizen and Immigration Services 4730 Paris Street Denver, Colorado 80239 | $1,795.00 | $1,795.00 | 100% |
| **TOTALS** | $1,795.00 | $1,795.00 | |

Restitution amount ordered pursuant to plea agreement: . . . . $1,795.00
.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  CATHERINE ILEEN SPEAR  
CASE NUMBER:  06-cr-00077-LTB-01                                                                 Judgment-Page 6 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The $200.00 special assessment fee shall be paid in full immediately.  Restitution shall be payable in equal monthly installments of at least $75.00 during the term of probation.  Disbursement of restitution payments  be deferred unti lthe balance of the court registry account totals at least $500.00.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest

DEFENDANT:  CATHERINE ILEEN SPEAR
CASE NUMBER:  06-cr-00077-LTB-01                                                                  Judgment-Page 7 of 7

## STATEMENT OF REASONS

The court adopts the factual statements and guideline applications in the presentence report.

**Guideline Range Determined by the Court:**

Total Offense Level:  10

Criminal History Category:  I

Imprisonment Range:  6 to 12 months

Supervised Release Range:  2 to 3 years

Fine Range:        $2,000   to   $20,000

   The fine is waived because of the defendant's inability to pay.

Total Amount of Restitution:        $1,795.00

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.